## Martin v. Hodlofski

*Isenberg, Goldin & Blumberg,* for plaintiff.
*Modell, Pincus, Hahn & Reich,* for defendants.

CODY, J., September 8, 1971.—Plaintiff commenced this action by a summons in equity on August 17, 1970, which was served on the corporate defendant on August 26, 1970, and on the individual defendant on September 3, 1970; then on September 23, 1970, filed a notice of the taking of the oral deposition of the individual defendant, stating that the scope and purpose of the examination was to discover relevant facts, events and circumstances related to the action for the uses and purposes authorized by the Pennsylvania Rules of Civil Procedure. Defendants filed a motion for a protective order, followed by a rule on plaintiff to file a complaint within 20 days or suffer judgment of non pros. Plaintiff countered with a rule on defendants to show cause why entry of judgment of non pros. should not be stayed until 20 days after completion of plaintiff's discovery and a motion for imposition of sanctions for nonappearance of the individual defendant at the deposition. All proceedings having been stayed with the issuance of the rule on defendants, all the above rules and motions are now before the court for disposition.

Simply stated, plaintiff seeks to take the deposition of the individual defendant prior to his filing a complaint because, as he states, the information necessary for the preparation of the complaint is not available to him, being completely within the knowledge of defendants; on the other hand, defendants object to being subjected to discovery processes until after they have been served with a complaint so that they can be informed of the nature of plaintiff's claim and thus be in a position to judge the relevancy of plaintiff's inquiries.

As Judge Greenberg pointed out in Pustilnik v. SEPTA, 45 D. & C. 2d 799 (1968):

"Rule 4007(a) provides that discovery may be had

if it is 'relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings . . .' Pursuant to this rule, discovery has been allowed prior to the filing of a complaint, but invariably subject to carefully constructed limitations and a showing that without the discovery a complaint could not be drafted."

All we have before us in this record is plaintiff's statement that he lacks information which would enable him to prepare a complaint and that he seeks to elicit from defendants "relevant facts, events, and circumstances related to the action." We feel it is incumbent on plaintiff to do more than this before subjecting defendants to unrestricted examination; he should supply the court and defendants with such information regarding the nature of his claim and the scope of his proposed examination, to form the basis for a determination of whether or not plaintiff is able to frame a complaint without prior discovery and whether or not the proposed discovery will be relevant and will substantially aid in the preparation of the complaint.

Accordingly, we enter the following

### ORDER

Now, September 8, 1971, it is ordered and directed that the rule on plaintiff issued October 13, 1970, to file a complaint within 20 days or suffer judgment of non pros. is discharged; the rule on defendants issued October 30, 1970, to show cause why entry of judgment of non pros. should not be stayed is discharged; plaintiff's motion for sanctions is dismissed; and defendants' motion for a protective order is sustained to the extent that plaintiff is directed within 20 days either to file a complaint or to file an amended order to take depositions and to set forth therein the nature of the information sought to be obtained.